UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DEAN BOUYE JR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:23-cv-00415-JPH-TAB |
| JAMES R. SWEENEY II, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Bradford Bouye alleges violations of his civil rights in a prison disciplinary action and related habeas corpus action in this Court. Because Mr. Bouye is a prisoner, this Court has an obligation to screen the complaint. 28 U.S.C. § 1915A(a), (c). Because the complaint does not plead an actionable claim for relief, the Court directs Mr. Bouye to show cause why the case should not be dismissed.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Bouye seeks damages from three defendants: District Judge James Sweeney, Deputy Attorney General Katherine Cornelius, and Correctional Officer J. Niederhelman. He bases his claims on the following allegations.

In August 2021, Mr. Bouye underwent a disciplinary hearing for assaulting a staff member. He was found guilty and assessed sanctions, including a demotion in credit-earning class and time in restrictive housing. Dkt. 1-1 at 2. The prison staff denied his appeals. *Id.* at 4–5.

Mr. Bouye petitioned for a writ of habeas corpus in this Court. *See Bouye v. Warden*, No. 1:21-cv-02999-JRS-TAB. On February 14, 2023, while the habeas action was pending, the Indiana Department of Correction vacated Mr. Bouye's disciplinary conviction and sanctions and designated the matter for rehearing. Dkt. 1-1 at 6. Ms. Cornelius moved to dismiss the habeas action as moot. *Id.* at 9–10. Judge Sweeney granted the motion on February 28, dismissed the case for lack of jurisdiction, and entered final judgment. *Id.* at 16–19.

Judge Sweeney's dismissal order included the following point of clarification: "If Mr. Bouye is deprived of credit time or demoted in credit-earning

class as a result of the rehearing, he may file a new habeas petition challenging any violations of his due process rights in that proceeding." *Id.* at 17.

Mr. Bouye was found guilty at the rehearing. *Id.* at 3. He was not sanctioned with additional time in restricted housing, but he was again sanctioned with a credit-class demotion. *Id.*

Mr. Bouye contends that Officer Niederhelman could not be an impartial decisionmaker for his rehearing because she notified him of his charges in the initial proceeding. Rather than pursue a habeas action as directed, he filed this suit for damages, asserting that the defendants violated his due process rights.

### III. Dismissal of Complaint

Claims against Judge Sweeney are **dismissed** as **frivolous** because "the bringing of a suit against judges is not a proper method of challenging their decisions" and "because judges have absolute immunity from damages suits challenging their judicial acts." *Tolefree v. Cudahy*, 49 F.3d 1243, 1243 (7th Cir. 1995).

Claims against Ms. Cornelius are also **dismissed** for **failure to state a claim** upon which relief may be granted. Like judges, deputy attorneys general "are absolutely immune from claims for damages under § 1983." *Nowicki v. Delao*, 506 F. App'x 514, 517 (7th Cir. 2013) (citing *Doyle v. Camelot Care Centers*, 305 F.3d 603, 623 (7th Cir. 2002); *Lewis v. Mills*, 677 F.3d 324, 331–32 (7th Cir. 2012)).

Finally, claims against Officer Niederhelman are **dismissed** for **failure to state a claim** upon which relief may be granted. It is well settled that Section

3

"1983 cannot be used to seek damages when the relief necessarily implies the invalidity" of a prison disciplinary conviction "that remains in force." *Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997)). Moreover, "§ 1983 cannot be used to contest the fact or duration of confinement." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Before seeking damages, the inmate must obtain favorable termination of the disciplinary charge and sanctions, and he must pursue that termination through a habeas action—as Judge Sweeney encouraged Mr. Bouye to do when he dismissed the first habeas action as moot. *See Haywood*, 842 F.3d at 1029 (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004)).

### IV. Pending Motions

Mr. Bouye's motion for change of judge, dkt. [8], is **denied**. A judge "shall proceed no further" in an action if a party "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To achieve disqualification, a litigant must demonstrate "*actual bias*" in the form of "personal animus or malice." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). Additionally, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A litigant seeking recusal under § 455(a) must show that "an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a

significant doubt that justice would be done in the case." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (internal quotations omitted).

Mr. Bouye cites two grounds for recusal. First, he notes that the undersigned judge presided over *Bouye v. Regal, et al.*, No. 1:21-cv-02661-JPH-TAB, which was dismissed for failure to state a claim. But "judicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Hoffman*, 368 F.3d at 718. Mr. Bouye also implies that the Court showed bias by requiring him to file a motion for leave to proceed *in forma pauperis* and support it with an inmate trust account statement, *see* dkt. 5, rather than simply grant the request at the end of his complaint to proceed without prepaying the filing fee. But a "request for a court order must be made by motion" and not buried in a complaint. Fed. R. Civ. P. 7(b)(1); S.D. Ind. L.R. 7-1(a). And the requirement that a motion for leave to proceed *in forma pauperis* be supported by an inmate trust account statement is a product of federal statute, not this Court's judgment. *See* 28 U.S.C. § 1915(a)(2). In short, Mr. Bouye could expect to receive a comparable order from any federal judge.

Mr. Bouye's motion for copies, dkt. [9], is **granted**. The **clerk is directed** to include a copy of the public docket sheet with this order. If Mr. Bouye wishes for the Court to send him copies of specific documents, he must request them by docket number. If Mr. Bouye wishes to receive file-stamped copies of documents he submits to the Court for filing, he must include a self-addressed envelope with adequate postage. S.D. Ind. L.R. 5-10.

## V. Conclusion

The complaint is **dismissed** for **failure to state a claim** upon relief may be granted.

Mr. Bouye will have **through June 16, 2023**, to **show cause** why the Court should not dismiss this action and enter final judgment.

Mr. Bouye's motion for change of judge, dkt. [8], is **denied**. Mr. Bouye's motion for copies, dkt. [9], is **granted**. The **clerk is directed** to include a copy of the public docket sheet with this order.

**SO ORDERED.**

Date: 5/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADFORD DEAN BOUYE JR
914329
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064